UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHOICE HOTELS INTERNATIONAL INC,

Plaintiff,

v.

Case No. 25-cv-0848-bhl

BABA NANAK HOSPITALITY GROUP CORP,
HARDEEP ARORA and PARMEET ARORA,

Defendants.

**ORDER**

On June 13, 2025, Plaintiff Choice Hotels International Inc. (Choice Hotels), filed a complaint alleging that Defendants Baba Nanak Hospitality Group Corp. (Baba Nanak), Hardeep Arora, and Parmeet Arora infringed on Choice Hotels' trademarks by failing to remove protected marks from their hotel (the Subject Property) after their franchise agreement was terminated. (ECF No. 1.) Defendants never responded to the complaint, and on June 2, 2026, the Court granted Choice Hotels' motion for default judgment and entered a permanent injunction against Defendants, requiring them to: cease using all Choice Hotels' marks; remove all CLARION signage from the Subject Property; destroy all items in Defendants' possession bearing Choice Hotels' marks; and file a report by July 2, 2026, certifying that they had complied with the Court's Order. (ECF Nos. 17 & 18.) Defendants do not appear to have taken any steps to comply and, on October 7, 2026, Choice Hotels filed a motion to find them in civil contempt. (ECF No. 21.) Choice Hotels asks the Court to allow it, with the assistance of the United States Marshals Service, to enter the Subject Property and remove, cover, or destroy the infringing signage and any items bearing Choice Hotels' marks. (*Id.*) The motion will be granted in part. The Court will hold Defendants in civil contempt and authorize Choice Hotels to enter the property to remove the CLARION signage and infringing items from the property, pursuant to Federal Rule of Civil Procedure 70(a). At this point, Choice Hotels has not shown a basis to involve the U.S. Marshal Service, however, so that portion of its request is denied (for now).

## ANALYSIS

### I. The Court Will Hold Defendants in Civil Contempt For Failing to Comply with Its June 2, 2026 Order.

To hold Defendants in civil contempt, Choice Hotels has the burden of proving the following elements by clear and convincing evidence: (1) the Court's Order sets forth an unambiguous command; (2) Defendants violated that command; (3) the violation was significant (meaning Defendants did not substantially comply with the Order); and (4) Defendants failed to take steps to reasonably and diligently comply with the Order. *Prima Tek II, LLC v. Klerk's Plastic Inds., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008). Each of these elements is satisfied here.

First, the Court's order sets forth an unambiguous command. It directed Defendants to remove the infringing signage and items from the Subject Property and then file a report describing what they did to comply with the Order. (ECF No. 18 at 2.) Second, the record confirms that Defendants have violated that unambiguous command. Defendants have not filed a report describing their compliance and Choice Hotels has shown that the infringing signage remains on the outside of the Subject Property. (ECF No. 22 at 4.) Third, the violation was significant. Defendants have failed to comply with all material aspects of the Court's order. Fourth, Defendants have not attempted to take any steps at compliance. When a court finds that a party could have complied with an order in the past, the court should also presume a present ability to comply and impose on the party the burden of producing evidence to establish its present inability to comply. *United States ex. rel Thom v. Jenkins*, 760 F.2d 736, 739–40 (7th Cir. 1985). Here, the Court has previously found that Defendants controlled the subject property and had the ability to comply and remove the infringing materials. (ECF No. 17.) As Defendants have not responded, they have not shown any present inability to comply. Accordingly, the Court finds Defendants Baba Nanak, Hardeep Arora, and Parmeet Arora in civil contempt.

### II. The Court will Authorize Choice Hotels to Enter the Subject Property and Remove the Signage.

Choice Hotels notes that a contempt order alone will not remove the signage from the Subject Property, and further requests that the Court allow it to enter the Subject Property and remove them. (ECF No. 22 at 6–7.) It also requests that the U.S. Marshals Service be ordered to assist.

Federal Rule of Civil Procedure 70(a) provides in relevant part that "[i]f a judgment requires a party to . . . perform any [] specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the Court. When done, the act has the same effect as if done by the party."

The Court will grant Choice Hotels' request in part. Choice Hotels is authorized, pursuant to Rule 70(a) to enter the Subject Property and remove, cover, or destroy the infringing signage and marks. But the Court will not order the U.S. Marshals Service to assist. Choice Hotels has not offered any explanation for why the U.S. Marshals Service's involvement is necessary in this case. Nor does it explain how they would assist. If Choice Hotels has some reason to believe involving the U.S. Marshals Service is necessary in this case, it may renew its request and provide that information, along with a specific description of the assistance requested.

The Court will also award Choice Hotels its reasonable attorneys' fees and costs incurred in bringing its motion for civil contempt. *See Seventh Ave., Inc. v. Shaf Int'l Inc.*, 909 F.3d 878, 880 (7th Cir. 2018).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Baba Nanak, Hardeep Arora, and Parmeet Arora are held in civil contempt of the Court's June 2, 2026 permanent injunction. Choice Hotels' motion to find Defendants in civil contempt, ECF No. 21, is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Choice Hotels is authorized and appointed by the Court to enter the Subject Property and seize, remove, cover, or destroy the infringing signage and any items bearing any of the marks in the **CLARION®** family of marks, pursuant to Fed. R. Civ. P. 70. The reasonable costs of the removal will be borne by Defendants. Choice Hotels must submit a certificate of compliance within 30 days of conducting any seizure authorized by this Order.

**IT IS FURTHER ORDERED** that Choice Hotels is awarded its reasonable attorneys' fees and costs incurred in bringing this motion, in an amount to be determined upon submission of supporting documentation within 30 days of any seizure conducted pursuant to this Order.

Dated at Milwaukee, Wisconsin on October 28, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge